(October 28, 1921.)

KESTER T. SOULE, Respondent, v. ADRIAN F. JOHN-
SON, JOHN C. SHERIDAN, ISAAC S. JOHNSON
and WILLIAM R. BAKER, Appellants, and KESTER
T. SOULE, Appellant, v. WILLIAM R. BAKER,
Respondent.

[201 Pac. 834.]

MINING CLAIMS — ANNUAL LABOR — CONSPIRACY — RELOCATION — PUR-
CHASER IN GOOD FAITH.

1. One under contract to perform the annual labor on mining
claims cannot acquire an interest in such claims by entering into
an agreement with a third party by which he fails to perform
such annual labor and such third party relocates such claims
and deeds an interest therein to such person under contract to
perform such annual labor.

2. Under the facts stated in paragraph 1, such third party,
knowing the obligation of the other party to perform the
annual labor, cannot acquire an interest in such claims by re-
locating them.

3. Evidence in this case *held* sufficient to establish the
charge of conspiracy of certain defendants to defraud plaintiff.

4. To acquire a valid title to an interest in real property
against the equitable owner a purchaser must have purchased and
paid for his interest before coming into possession of facts
sufficient to put him upon inquiry.

APPEAL from the District Court of the Sixth Judicial
District, for Lemhi County. Hon. Robert M. Terrell,
Judge Presiding.

Action to recover title to and possession of mining claims
alleged to have been fraudulently relocated by defendants.
From judgment for plaintiff, defendants, Adrian F. John-
son, John C. Sheridan, Isaac S. Johnson, appeal. *Affirmed.*

Publisher's Note.

1. On right of agent, cotenant or person standing in other fiduciary
relation to relocate a mining claim for his own benefit to the ex-
clusion of other party, see note in 50 L. R. A. 184.

From judgment for defendant, William R. Baker, plaintiff appeals. *Reversed.*

J. M. Stevens, H. E. Ray, W. H. O'Brien and E. W. Whitcomb, for Appellants Johnson and Sheridan and Respondent Baker.

There is not a scintilla of evidence tending to show that any fraudulent conspiracy was ever formed by these defendants, or any of them, relative to the plaintiff or his mining claims. The acts or statements testified to as having been done or said by one or other of the defendants are unrelated facts and statements, and such testimony is not admissible, since they are not done or said in furtherance of a common fraudulent design. (*Garnsey v. Rhodes,* 138 N. Y. 461, 34 N. E. 199; *Brinkley v. Platt,* 40 Md. 529; *Brannock v. Bouldin,* 26 N. C. 61.)

A confidential or fiduciary relationship between the parties is not to be presumed, either by reason of their association in business or work or their actual blood relationship; the burden is upon the plaintiff to show that they entered into a more intimate relationship by planning and embarking on the claimed conspiracy. (*Crawford v. Crawford,* 134 Ga. 114, 19 Ann. Cas. 932, 67 S. E. 673, 28 L. R. A., N. S., 353.)

The defendant Adrian F. Johnson was under no duty or compulsion to communicate any facts or belief he might entertain to the plaintiff. (*Young v. Bumpass,* 1 Freem. Ch. (Miss.) 241; *In re People's Bank,* 93 Pa. St. 107, 39 Am. Rep. 728; *Britton v. Brewster,* 2 Fed. 160; *Van Arsdale v. Howard,* 5 Ala. 596; *Potts v. Chapin,* 133 Mass. 276.)

Quarles & Padgham and A. C. Cherry, for Respondent and Appellant Soule.

The defendants, and each of them, by their admissions in the pleadings, knew of the fraudulent acts by which it was attempted to deprive the plaintiff of his property, and equity will not permit any of them to receive any benefit from such fraudulent acts. (*Lincoln v. Claflin,* 74 U. S. 132, 19 L. ed.

106; *Madden v. Caldwell Land Co.*, 16 Ida. 59, 67, 100 Pac.
358, 21 L. R. A., N. S., 332; *California etc. Co. v. Manley,*
10 Ida. 787, 81 Pac. 50.)

Having admitted the material facts alleged in the plain-
tiff's verified complaint, the defendants-appellants are in
no position to assign error to the effect that finding of such
facts by the court is not justified by sufficient evidence.
(*Broadbent v. Brumback*, 2 Ida. (366) 336, 16 Pac. 555;
*Burke v. McDonald*, 2 Ida. 679, 33 Pac. 49; *Knowles v.
New Sweden Irr. Dist.*, 16 Ida. 217, 101 Pac. 81; *Wheeler
v. Gilmore etc. R. Co.*, 23 Ida. 479, 130 Pac. 801.)

The allegation of ownership of a one-fourth interest in
Baker, without denying knowledge of the conspiracy of his
codefendants to defraud plaintiff by leading him to believe
that the annual labor had been performed on the Clear
Water claims for the year 1915, and in relocating said
ground under the circumstances alleged in plaintiff's com-
plaint, is of no effect. (2 Standard Proc., pp. 65–67; *Brad-
bury v. Cronise*, 46 Cal. 287; *Norris v. Glenn*, 1 Ida. 590.)

Failure to answer the material allegations of plaintiff's
complaint is an admission of the truth thereof. (*Stroock
Plush Co. v. Talcott*, 113 N. Y. Supp. 214.)

The finding that Baker bought a one-fourth interest in
the property in controversy without actual knowledge of the
fraudulent acts of his codefendants, the conclusion of law,
and that part of the judgment based on said finding to the
effect that said Baker is the owner of said one-fourth in-
terest, is contrary to the admissions in the pleadings, and
is contrary to law, and that portion of the judgment ap-
pealed from is contrary to law. (*Traverso v. Tate*, 82 Cal.
170, 22 Pac. 1082; *White v. Douglass*, 71 Cal. 115, 11 Pac.
860; *Campe v. Lassen*, 67 Cal. 139, 7 Pac. 430; *Joshua
Hendy Machine Wks. v. Pacific Cable Con. Co.*, 99 Cal. 421,
38 Pac. 1084; *Ortega v. Cordero*, 88 Cal. 221, 26 Pac. 80.)

The fourth paragraph of the decree being based on a find-
ing of fact contrary to the facts alleged in the complaint,
and not denied by the defendant Baker's amended answer,

the judgment, in other respects being correct, should be modified by striking out of said judgment the fourth paragraph. (*Taylor v. Peterson,* 1 Ida. 513; *Work Brothers v. Kinney,* 8 Ida. 771, 71 Pac. 477.)

DUNN, J.—This action was brought by the plaintiff to recover title to and possession of three mining claims situated in the Pratt Creek Mining District, Lemhi county, known as the Clearwater, Clearwater No. 1 and Clearwater No. 2 lode claims, alleged to have been fraudulently relocated by the defendant, Adrian F. Johnson, for his benefit and that of his codefendants in January, 1916, under the names of Blue Bird Quartz, Blue Bird No. 1 and Blue Bird No. 2 lode mining claims, and to enjoin said defendants from interfering with plaintiff's possession and control of said mining claims.

The complaint alleges that the plaintiff, up to the end of the year 1915, was the owner of said mining claims, holding two-thirds thereof in his own right and the remaining one-third as security for certain sums of money which plaintiff's grantor had advanced to defendant Isaac S. Johnson; that on the twelfth day of June, 1915, at the solicitation and request of said Isaac S. Johnson, he gave to the defendant John C. Sheridan a written option to purchase said mining claims for $10,000, the first payment of $2,000 to be made on February 15, 1916; that by the terms of said option Sheridan agreed to perform annual labor on said mining claims to the amount of at least $300 on or before November 1, 1915, and each and every year thereafter during the continuance of said agreement in manner to meet the requirements of the laws of the United States and of the state of Idaho in respect to annual labor, so that plaintiff's title to said property would continue unimpaired; that the said Isaac S. Johnson then knew the terms and conditions of said option and had a part and share in determining what terms and conditions were to be and what were inserted in said written option; that from the time of giving said option to and into the month of January,

1916, the said Sheridan and the said Isaac S. Johnson, by their words and actions, led the plaintiff to believe that the necessary annual labor had been performed on said mining claims during the year 1915, and until the month of January, 1916, the plaintiff supposed said Sheridan was in possession of said claims, and carrying out the terms of said option; that plaintiff had confidence in said Sheridan, and trusted him to do the necessary labor on said claims for the year 1915.

That Adrian F. Johnson is a son of Isaac S. Johnson, and has had his home with his father and mother since his birth; that he has since the year 1907 had full and complete knowledge of the holdings, rights and interests of his father in and to the undivided one-third part of said mining claims and of the holding by this plaintiff and his grantor, H. W. Soule, of one-third of said claims as security for the payment of moneys advanced by the said H. W. Soule to said Isaac S. Johnson, and had full knowledge of the option given by the plaintiff to said defendant Sheridan.

That the defendants, Isaac S. Johnson, John C. Sheridan and Adrian F. Johnson, well knowing the premises and well knowing the true state of the plaintiff's title and right in and to said mining ground and his interest in the one-third part thereof held for said Isaac S. Johnson, corruptly and fraudulently conspired, combined and confederated and agreed together that the said John C. Sheridan should not perform the annual labor on said mining claims for the year 1915, and that the said mining ground should be located during the month of January, 1916, in the name of said Adrian F. Johnson for the sole benefit of themselves and said defendant, Baker, and in pursuance of their fraudulent conspiracy, confederacy and agreement afterward, to wit, on the twenty-third, twenty-seventh, and thirtieth days of January, 1916, entered into possession of said mining claims and ground, and intending and contriving to deprive this plaintiff of all his interests therein did locate the same in the name of said Adrian F. Johnson, under the names of

the Blue Bird Quartz, Blue Bird No. 1, and Blue Bird No. 2 lode claims.

That in furtherance of the said unlawful combination, confederation and conspiracy said defendant, Adrian F. Johnson, on the twenty-sixth day of April, 1916, for the nominal consideration of $5 conveyed to said John C. Sheridan an undivided three-eighths part of said mining claims and ground, and on the said twenty-sixth day of April, 1916, for the nominal consideration of $5 also conveyed to the defendant, William R. Baker, an undivided one-fourth part or interest in said mining claims and ground.

That prior to the date of the said deed to the defendant, William R. Baker, he had full knowledge of the rights and interests of the plaintiff in and to the mining claims and ground aforesaid, and full knowledge of the aforesaid option to said defendant Sheridan, and full knowledge of the agreement between the defendant, Isaac S. Johnson, and said Horace W. Soule relative to the interest of said Johnson in the one-third part of said mining claims standing in the name of said Soule, and that it was held by said Soule as security for money advanced by said Soule to said Johnson, and because of such knowledge alleges that said defendant, William R. Baker, was not a *bona fide* purchaser of said one-fourth interest without notice of plaintiff's rights and interest therein, and is not a purchaser of the said property in good faith and for a valuable consideration.

The plaintiff further alleges on information and belief that a three-eighths interest in said Blue Bird Quartz, Blue Bird No. 1 and Blue Bird No. 2 lode claims was located by the said Adrian F. Johnson for the use and benefit of Isaac S. Johnson, and that he is now holding the same for the use and benefit for the said Isaac S. Johnson and that the same is now claimed and is being managed by the said Isaac S. Johnson as his own property.

The claims in controversy are of the admitted value of $10,000.

Defendants filed separate answers admitting plaintiff's ownership and possession of the Clearwater claims up to the end of the year 1915, admitting also knowledge of the option given by plaintiff to defendant Sheridan in June, 1915, in fact practically everything alleged in the complaint is admitted, either expressly or by failure to deny, by all of the defendants except the charge of conspiracy, which is denied by the three defendants so charged, and the charge that plaintiff was deceived and misled by Sheridan and Isaac S. Johnson as to the performance of the annual labor for the year 1915, which is denied by said defendants, and the charge that three-eighths interest in the Blue Bird claims was located for and held by Adrian F. Johnson for the benefit of Isaac S. Johnson, and is being managed by the said Isaac S. Johnson, which is denied by Adrian F. Johnson and Isaac S. Johnson. Baker admits all the allegations regarding himself except that he is not a purchaser in good faith for a valuable consideration.

The court made findings upon all the issues and entered a decree that the plaintiff, Kester T. Soule, was at the commencement of this action and now is the owner of and entitled to the immediate possession of an undivided three-fourths interest in and to the Clearwater, Clearwater No. 1 and Clearwater No. 2 lode mining claims situated in Pratt Creek Mining District, Lemhi county, Idaho; that the relocation by the defendant Adrian F. Johnson of the mining ground embraced within the boundary lines of the said mining claims under the name of the Blue Bird Quartz and Blue Bird No. 1, and the Blue Bird No. 2, lode mining claims, was through and by means of a fraudulent conspiracy formed and entered into by the said defendants, Adrian F. Johnson, John C. Sheridan and Isaac S. Johnson, with intent to fraudulently and unlawfully deprive the said plaintiff of his interest in and to said mining ground; that whatever title the defendants Adrian F. Johnson, John C. Sheridan and Isaac S. Johnson have in or to said mining ground through the relocation so made by said Adrian F. Johnson

has at all times been and is now held in trust by said defendants for the use and benefit of the said plaintiff, and the said defendants, and each of them, are required and directed within ten days after the final decision in this action to make, execute, acknowledge and deliver to the said plaintiff a good and sufficient deed conveying all his right, title and interest in and to the same to plaintiff, and in case of their neglect or refusal to make, execute, acknowledge and deliver such deed within said time, the clerk of the district court of said county is directed to make, execute, acknowledge and deliver to said plaintiff such mining deed under the authority of said decree.

That the defendant William R. Baker was at the commencement of this action and is now the owner of an undivided one-fourth interest in and to the said mining ground within the boundary lines of the aforesaid Clearwater, Clearwater No. 1, Clearwater No. 2, Blue Bird Quartz, Blue Bird No. 1, and Blue Bird No. 2 lode mining claims, subject to the paramount title of the United States.

That the said defendant Isaac S. Johnson owns an undivided one-third interest in and to the said Clearwater, Clearwater No. 1 and Clearwater No. 2 lode mining claims, the legal title to which is in the name of and belongs to the said plaintiff, which said undivided one-third interest is held by the said plaintiff by agreement as security for the payment by said Isaac Johnson of certain moneys advanced to and paid out for said defendant Isaac S. Johnson at his request by the predecessor in interest of said plaintiff, and it is adjudged and decreed that said plaintiff may hold said undivided one-third interest until an accounting may be had in another action between plaintiff and said defendant Isaac S. Johnson as to the amount due from said defendant to said plaintiff and until the payment of such sum to said plaintiff by said defendant Isaac S. Johnson.

That neither of said defendants John C. Sheridan nor Adrian F. Johnson has any right, title or interest whatsoever in or to said mining claims or premises or any part

thereof, and the plaintiff's title is quieted as against any and all claims whatsoever of said last named defendants or either of them.

The defendants moved for a new trial on the ground of the insufficiency of the evidence and errors of law on the part of the judge in making his findings of fact, conclusions of law and decree, and under each ground numerous specifications are made. The motion for a new trial was denied and defendants have appealed from the order denying said motion. The plaintiff has appealed from that part of the decree awarding a one-fourth interest in the claims in controversy to William R. Baker.

Many errors are specified by appellants, but in their brief only the question of conspiracy is discussed, appellants apparently conceding that if the evidence is held sufficient to support the findings of the court that there was a conspiracy as alleged in the complaint, the judgment of the trial court must be upheld.

This action proceeds upon the assumption that the annual labor on the Clearwater claims for the year 1915 was not performed. This fact made the lands embraced in said claims vacant and unoccupied public lands of the United States on the first day of January, 1916, and therefore subject to location by anyone entitled to locate mining claims on such lands.

So far as the conspiracy alleged in the complaint, if it were established by competent evidence, would affect the title of Isaac S. Johnson to one-third interest in the Clearwater claims, or in the Blue Bird claims, if title to these latter should be awarded to the respondent, such conspiracy may be disregarded, for the reason that the respondent is not seeking to deprive said defendant of such interest. As to Isaac S. Johnson, then, the decree giving him one-third interest in the ground in controversy, subject to the lien of respondent for certain moneys claimed to be due him, must be affirmed.

By failing to deny the allegations of the complaint as to the conspiracy of Isaac S. Johnson, John C. Sheridan and

Adrian F. Johnson, Baker admits that such conspiracy was formed by said parties in the manner and for the purpose alleged in the complaint, but he attempts to allege that he had no knowledge of the location of said mining claims until after such location was accomplished. He expressly admits, however, that prior to the date of his deed he had full knowledge of the rights and interests of the plaintiff in said mining claims and ground, and of the option held by Sheridan, and of the agreement by which Soule held a one-third interest in said claims for Isaac S. Johnson. Putting a fair and reasonable construction upon these admissions of Baker, it must be held that if he had not actual knowledge of the fraud attempted against Soule by Sheridan and the Johnsons, he was in possession of sufficient knowledge as to the conflicting claims of Soule on the one hand and Sheridan and the Johnsons on the other to put him upon inquiry. He could not close his eyes to the facts that he admits knowing before he received his deed and become a purchaser in good faith, even though he paid therefor the valuable consideration that he claims. The one-fourth interest for which he claims to have paid $1,800 must therefore be held to be the property of appellant Soule. (26 R. C. L., p. 1296; *Wormley v. Wormley,* 8 Wheat. (U. S.) 421, 5 L. ed. 65.)

This leaves only the interest held by Adrian F. Johnson and John C. Sheridan, and the record contains sufficient evidence to warrant the conclusion of the trial court that the fraudulent agreement or understanding set up in the complaint as having been entered into by Adrian F. Johnson, John C. Sheridan and Isaac S. Johnson actually existed.

Adrian F. Johnson was in no contractual relation with respondent, but he admits that he knew of the relation of Sheridan to respondent, by virtue of the lease and option held by Sheridan, which bound him to perform the annual labor on the Clearwater claims for the year 1915. There is evidence tending to show that he heard Sheridan assure the respondent that the annual labor on these claims had been performed for that year, when in fact Johnson knew

that it had not been performed. There is also evidence that Isaac S. Johnson, who was more familiar with the claims than respondent, shortly before the end of the year 1915 falsely represented to respondent that the work had been done. It may be, as contended by appellants, that there was no legal obligation upon Adrian F. Johnson to advise respondent that the work had not been performed, and if he had been content to relocate the claims and hold the title for himself, probably such title as against respondent would have been unassailable. That question, however, is not before us and it is not necessary to decide it. He was not content to hold such title for himself, for the evidence shows that immediately after his relocation of these claims, his father, Isaac S. Johnson, wrote to Sheridan, who was then in Butte, Montana, and advised him of the relocation of the claims. Almost immediately after receiving such information Sheridan came back and assisted Adrian F. Johnson. in performing the location work on the Blue Bird claims. Sheridan admits by his answer that he received a deed conveying to him a three-eighths interest in said claims for the nominal consideration of $5, but even if his testimony is true that he received such interest for his assistance in performing the location work, the consideration would still be trifling as compared with the admitted value of the interest received by him, which was nearly $4,000. All of these facts and circumstances with the others admitted by the several answers and found by the trial court are sufficient in our opinion to vitiate the title of Adrian F. Johnson and John C. Sheridan to the ground in question. But even if Johnson's title could be sustained, Sheridan's title could not be upheld against respondent. He was under contract to perform the annual labor, and he could not be permitted under any circumstances by his own default to cause respondent to lose his interest in the Clearwater claims and by such base and dishonorable conduct as is shown in the record acquire any part of such interest for himself.

The evidence is ample to justify the conclusion of the court that the conspiracy alleged in the complaint was en-

tered into by all of the defendants except Baker. The judgment is therefore affirmed, with costs to plaintiff on the appeal of defendants Isaac S. Johnson, John C. Sheridan and Adrian F. Johnson from the order denying motion for a new trial, and is reversed with costs to plaintiff on his appeal from that portion of the judgment awarding defendant Baker a one-fourth interest in the claims in controversy. The trial court is directed to modify its judgment accordingly.

Rice, C. J., and Budge, McCarthy and Lee, JJ., concur.